Frank W. Bryce, Respondent, v. National City Bank of New Rochelle and Edward D. Loughman, Receiver of the National City Bank of New Rochelle, Appellants, and William S. Shea, Defendant. (Appeal No. 1.) — Order denying the receiver's application to remove the cause to the Federal court and extending his time to answer, in so far as appealed from, affirmed, with ten dollars costs and disbursements, with leave to the receiver to answer within ten days from the entry of the order herein. Hagarty, Scudder, Tompkins, Davis and Johnston, JJ., concur.

Frank W. Bryce, Respondent, v. National City Bank of New Rochelle and Edward D. Loughman, Receiver of the National City Bank of New Rochelle, Appellants, and Braemoor Corporation, Defendant. (Action No. 1.) (Appeal No. 2.) Frank W. Bryce, Respondent, v. National City Bank of New Rochelle and Edward D. Loughman, Receiver of the National City Bank of New Rochelle, Appellants, and Braemoor Corporation, Defendant. (Action No. 2.) (Appeal No. 3.) — Orders denying the receiver's applications to remove the causes to the Federal court and extending his time to answer, in so far as appealed from, reversed on the law and the facts, with ten dollars costs and disbursements in each case. These actions are brought against an insolvent national banking association and its receiver, appointed by the Comptroller of the Currency, and another, to set aside as fraudulent an assignment of mortgage to the bank and a judgment of foreclosure and sale in favor of the bank and/or its receiver. These actions involve the property and assets of the bank and may result in the depletion of the funds in the receiver's possession. Such actions present " cases for winding up the affairs " of a national banking association within the meaning and purview of section 41, title 28, of the United States Code. Hence, the United States District Court has jurisdiction and the receiver's petitions to remove the causes to that court must be accepted. (*International Trust Co.* v. *Weeks*, 203 U. S. 365; *Citizens'*

*Nat. Bank in Waxahachie* v. *Citizens' Nat. Bank*, 9 Fed. Supp. 513; *Bell* v. *Kelly*, 54 F. [2d] 395; *Neely* v. *Planters' Nat. Bank of Clarksdale, Miss.*, 48 id. 266; *Fleming* v. *Gamble*, 37 id. 72; *Barons* v. *First Nat. Bank*, 28 id. 615; *Guarantee Co. of North Dakota* v. *Hanway*, 104 Fed. 369.) *Gray* v. *First Nat. Bank & Trust Co.* (263 N. Y. 479) is not to the contrary, as the conservator there was not a party to the action and no question was raised as to his right to remove it to the Federal court. (*Neely* v. *Planters' Nat. Bank of Clarksdale, Miss., supra*; *Barons* v. *First Nat. Bank, supra.*) In *Bryce* v. *National City Bank of New Rochelle* (*Appeal No. 1*, decided herewith) the sole issue is which of two claimants is entitled to a balance on deposit in the bank to the credit of both. The action does not present a case " for winding up the affairs " of the bank. The receiver is not a necessary party to the action. Neither the bank nor the receiver is concerned with the dispute. The State court has jurisdiction to determine the controversy and direct the claim to be recognized, certified to the Comptroller, and paid in the due course of administration. (*Gray* v. *First Nat. Bank & Trust Co., supra.*) As the actions in Appeals No. 2 and No. 3 were removable upon the filing of the petitions for removal, with sufficient bonds, the causes were, in law, removed and the State court lost jurisdiction to proceed further. Therefore, it is unnecessary to grant the receiver's motions to remove them. (*Traction Company* v. *Mining Company*, 196 U. S. 239; *Iowa Cent. Ry.* v. *Bacon*, 236 id. 305.) Hagarty, Scudder, Tompkins, Davis and Johnston, JJ., concur.